FILED-CLERK
U.S. DISTRICT COURT
80 NOV 22 PM 12:22
TX EASTERN-BEAUMONT
BY Marilyn Rey

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JENNIE BEATTY | * | CIVIL ACTION NO. 1:00CV-803 |
| VERSUS | * | JUDGE _____ |
| ISLE OF CAPRI, INC.<br>f/k/a CASINO AMERICA, INC. | * | MAGISTRATE _____ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

TO THE U.S. DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS:

Petitioner, ST. CHARLES GAMING COMPANY, INC. d/b/a ISLE OF CAPRI CASINO - LAKE CHARLES (improperly designated in Plaintiff's Original Petition as Isle of Capri, Inc. f/k/a Casino America, Inc.), appearing through undersigned counsel and without waving the requirement to be properly named and served with process, and reserving all rights to assert that Petitioner has not made a general appearance nor subjected itself to the jurisdiction of this Court except for purposes of timely effecting a removal, with respect represents that:

1.

St. Charles Gaming Company, Inc. d/b/a Isle of Capri Casino-Lake Charles ("SCGC") has not been made a defendant nor served with process in the civil action instituted in the One Hundred Thirty-Sixth Judicial District Court, Jefferson County, Texas, Docket No. D-0163814, entitled "Jennie Beatty versus Isle of Capri, Inc. f/k/a Casino America, Inc." Nonetheless, SCGC removes this action out of an abundance of caution and assumes only for purposes of this Notice of Removal

that Plaintiff's Original Petition serves as notice to SCGC that SCGC was sought to be named as a defendant.

2.

In this civil action, plaintiff, JENNIE BEATTY, alleges injury sustained when she allegedly slipped and fell while descending the stairs to exit premises of St. Charles Gaming Company, Inc. d/b/a Isle of Capri Casino-Lake Charles ("SCGC") located in the State of Louisiana.

3.

Said action was commenced in the 136th Judicial District Court, Jefferson County, State of Texas, on September 18, 2000, and is now pending. The improper defendant, "Isle of Capri, Inc. f/k/a Casino America, Inc," was served on October 31, 2000 through the Texas Secretary of State via certified mail.

4.

Plaintiff is a citizen of the State of Texas. Defendant is a Louisiana domestic corporation with its only place of business in Lake Charles (Westlake), Louisiana. Defendant is a citizen of Louisiana for purposes of diversity. Thus, the parties are citizens of different states for purposes of diversity. This Court has original jurisdiction of this action under 42 U.S.C. §1332 (a)(1), and the action may be removed to this Court pursuant to 42 U.S.C. § 1441 (a).

5.

Paragraph VI of plaintiff's Original Petition alleges that Plaintiff suffered the "following injuries and damages for which she is entitled to recover: (1) physical pain and disability from date of injury to time of trial, (2) future physical pain and disability reasonably anticipated to be sustained, (3) mental anguish and suffering from date of injury to time of trial, (4) future mental anguish and suffering, (5) loss of earnings from date of injury to time of trial, (6) future loss of

earning capacity, (7) reasonable and necessary medical expenses, (8) future medical expenses, and (9) past and future physical impairment. Plaintiff further alleges that she has suffered "injuries and damages in an amount far in excess of the minimal jurisdictional limits of this court. . . ."

6.

St. Charles Gaming Company, Inc. d/b/a Isle of Capri Casino-Lake Charles avers that the sum or value in controversy exceeds $75,000, exclusive of interest and costs. This Court has original jurisdiction of this action under 42 U.S.C. § 1332 (a)(1), and the action may be removed to this Court pursuant to 42 U.S.C. § 1441 (a).

7.

A certified copy the Civil Docket Sheet from the 136th Judicial District Court in Case No. D-0163814, all executed process in the case, and a copy of all pleadings are attached *in globo* hereto as Exhibit "A".

8.

This Notice is filed with this Court within thirty (30) days after service on defendant, Isle of Capri, Inc. f/k/a Casino America, Inc., of the initial petition in this action.

9.

SCGC was not named as a defendant in plaintiff's Original Petition, although SCGC is the proper defendant. SCGC appears only for purposes of removing the captioned matter, and SCGC reserves all objections and other remedies provided by law which may be raised in defense to plaintiff's naming the wrong defendant and serving the wrong defendant.

WHEREFORE, St. Charles Gaming Company, Inc. d/b/a Isle of Capri Casino - Lake Charles (improperly designated in Plaintiff's Original Petition as Isle of Capri, Inc. f/k/a Casino America, inc.) prays that this action be removed from the One Hundred Thirty-Sixth Judicial District Court,

Jefferson County, Texas, to the United States District Court for the Eastern District of Texas.

Respectfully submitted,

**THE GRAY LAW FIRM (APLC)**

_Anna R. Gray_
**ANNA R. GRAY**
**LOUISIANA BAR #17055**
Post Office Box 1467
Lake Charles, LA 70602-1467
(337) 494-0694 Telephone
(337) 494-0697 Facsimile
**Attorneys for St. Charles Gaming Company, Inc.
d/b/a Isle of Capri Casino-Lake Charles**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Notice of Removal has this day been forwarded to all counsel of record by placing a copy of same in the United States mail, postage prepaid and properly addressed.

Lake Charles, this 21st day of NOVEMBER 2000.

_Anna R. Gray_
**ANNA R. GRAY**

No. D163814

| JENNIE BEATTY | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| ISLE OF CAPRI, INC. f/k/a | § | |
| CASINO AMERICA, INC. | § | ____TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW JENNIE BEATTY, Plaintiff, and files her Plaintiff's Original Petition, complaining of ISLE OF CAPRI, INC. f/k/a CASINO AMERICA, INC., Defendant herein and for cause, would show the court:

I.

Discovery in this case in intended to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

II.

Plaintiff is a resident of Beaumont, Jefferson County, Texas.

Defendant ISLE OF CAPRI, INC. f/k/a CASINO AMERICA, INC., is a foreign corporation having sufficient business contacts with the State of Texas for the purpose of accumulating monetary profit, but does not maintain a regular place of business or a designated agent upon whom service of process is to be made pursuant to Tex. Civ. Prac. & Rem. Code CH 959 § 17.044 and § 17.041, *et. seq.*, the Texas Long-Arm Statute, by serving

1



the Secretary of State of Texas as agent for Defendant ISLE OF CAPRI, INC. f/k/a CASINO AMERICA, INC. This suit arises out of business transacted and torts committed, in whole or in part, in this state and, under the circumstances, Defendant has appointed the Secretary of State as its agent upon whom service of process may be had in this action. The Secretary of State is requested to forward the citation for service, along with a copy of this Original Petition, to this Defendant by forwarding same by certified mail, return receipt requested, to Defendant ISLE OF CAPRI, INC. f/k/a CASINO AMERICA, INC.'s Registered Agent, Mr. Gregory Guida, 711 Washington Loop, Biloxi, Mississippi 39530.

III.

On or about February 18, 1999, Plaintiff was an invitee and visitor to Defendant's business known as Isle of Capri Casino & Hotel which, although not authorized to do business in Louisiana, uses as its address the city of Lake Charles, Louisiana. As Plaintiff was leaving the lobby of the Isle of Capri Casino & Hotel, she was forced to walk through wet carpeting and flooring because there were no warning signs that the carpet and floor were wet, and she was unable to see the amount of water in the carpet and on the floor. Unaware that there was also water on the stairway that she would have to descend in order to leave Isle of Capri Casino & Hotel, she proceeded down the stairs. As she was doing so, she slipped and fell, suffering serious and extensive bodily injuries as a direct result of her fall.

IV.

Defendant, ISLE OF CAPRI, INC. f/k/a CASINO AMERICA, INC.'s negligence in allowing a dangerous condition on Defendant's premises to exist, which dangerous condition Defendant, its agents, servants and employees knew about or, in the exercise of ordinary care, should have known existed, was the proximate cause of Plaintiff's slip and fall and her resulting injuries and damages.

Specifically, Defendant was negligent in allowing the wet condition of the carpet, floor, and stairway of the exit. Such conditions posed an unreasonable risk of harm. Defendant had actual or constructive notice of the conditions of the premises and negligently allowed the premises to remain dangerous. Defendant negligently permitted such conditions to exist and negligently failed to warn the Plaintiff of the dangerous condition of Defendant's premises, despite the fact that the Defendant knew or in the exercise of ordinary care, should have known of the existence of the dangerous conditions, and that there was a strong likelihood of someone being injured, as happened to Plaintiff.

V.

Without waiving the foregoing pleadings and causes of action, Plaintiff also alleges a cause of action for breach of express and/or implied warranty. Defendant ISLE OF CAPRI, INC. f/k/a CASINO AMERICA, INC.'s made an express and/or implied warranty that Plaintiff, as an invitee on Defendant's premises, would be on safe premises and would enjoy safety from injury, which warranty from Defendant was clearly breached.

Plaintiff was damaged by the breach of warranty by Defendant.

VI.

As a direct and proximate result of Defendant's negligence, Plaintiff has suffered serious injuries. Plaintiff seeks to recover from the Defendant for the following injuries and damages which she suffered:

1. The physical pain and disability sustained by Plaintiff from date of injury to the time of trial;

2. Future physical pain and disability reasonably anticipated to be sustained by Plaintiff in the future;

3. Mental anguish and suffering sustained by Plaintiff from date of injury to time of trial;

4. Mental anguish and suffering which is reasonably anticipated to be suffered by Plaintiff in the future;

5. Loss of earnings sustained by Plaintiff from date of injury to time of trial;

6. Loss of earning capacity in the future;

7. Reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from date of injury to time of trial;

8. Reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries; and

9. Past and future physical impairment.

Plaintiff has suffered injuries and damages in an amount far in excess of the minimal jurisdictional limits of this court, and for which she now sues.

VII.

Plaintiff demands a trial by jury and would show that the jury fee has been paid.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein and that upon final trial, Plaintiff recover from Defendant a sum far in excess of the minimal jurisdictional limits of this court, costs of court, prejudgment and post-judgment interest at the legal rate, and for any and all such other relief as Plaintiff may be justly entitled.

Respectfully submitted,

RAND ALLEN MINTZER
Texas Bar No.: 14198900

5821 Southwest Freeway, Ste. 501
Houston, Texas 77057
(713) 862-8880
(713) 869-1517 facsimile

ATTORNEY FOR PLAINTIFF

CERTIFIED TRUE COPY
Witness my Hand and Seal of Office

NOV 10 2000

JOHN D. ___, DISTRICT CLERK
JEFFERSON CO., TEXAS
BY ___ DEPUTY