IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

FILED-CLERK
U.S. DISTRICT COURT

01 JAN 19 AM 9:20

TX EASTERN-BEAUMONT
BY Judy L. Lewis

| | | |
|---|---|---|
| JENNIE BEATTY | § | CIVIL ACTION NO. 1:00-CV-00803 |
| VERSUS | § | JUDGE HOWELL COBB |
| ISLE OF CAPRI CASINO, INC.<br>f/k/a CASINO AMERICA, INC. | § | MAGISTRATE |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ST. CHARLES GAMING COMPANY, INC.'S
### MOTION TO DISMISS, AND SUPPORTING MEMORANDUM,
### FOR INSUFFICIENCY OF PROCESS AND INSUFFICIENCY
### OF SERVICE OF PROCESS

**NOW INTO COURT**, through undersigned counsel, enters ST. CHARLES GAMING COMPANY, INC. d/b/a ISLE OF CAPRI CASINO-LAKE CHARLES (SCGC) improperly named "ISLE OF CAPRI, INC. f/k/a CASINO AMERICA, INC." in Plaintiff's Original Petition, appearing solely for the purpose of this Motion and without waiving the right to file any other defense or responsive pleading as may be permitted by law, Defendant moves to dismiss with prejudice Plaintiff's Original Petition filed in the captioned matter.

In this civil action, Plaintiff's alleged fall occurred in Louisiana on the premises of St. Charles Gaming Company, Inc. d/b/a Isle of Capri Casino-Lake Charles in Westlake, Louisiana. Plaintiff allegedly "slipped and fell" and suffered "serious and extensive bodily injuries" because she claims there was "water in the carpet and on the floor". Said action was commenced in the 136th Judicial District Court, Jefferson County, State of Texas, on September 18, 2000. The improperly named party, "Isle of Capri, Inc. f/k/a Casino America, Inc.," was improperly served on October 31, 2000 via certified mail.

The civil action instituted in the One Hundred Thirty-Sixth Judicial District Court, Jefferson

County, State of Texas, Docket No. D163814, entitled "Jennie Beatty vs. Isle of Capri, Inc. f/k/a Casino America, Inc." failed to properly name SCGC as a defendant. Further, SCGC was not properly served through its agent for service of process.

Plaintiff is a citizen of the State of Texas. SCGC is a foreign corporation with its principal place of business in Westlake, Louisiana. Thus, the parties are citizens of different states for purposes of diversity. Paragraph III of Plaintiff's Original Petition alleges that the Plaintiff has suffered "serious and extensive bodily injuries". Paragraph VI claims Plaintiff suffered "injuries and damages in an amount far in excess of the minimal jurisdictional limits" of the State's Court jurisdictional amount. The amount in controversy, exclusive of interest or costs, exceeds the $75,000 minimum jurisdictional amount requirement necessary for diversity jurisdiction. This Court has original jurisdiction of this action under 42 U.S.C. §1332 (a)(1). On November 22, 2000, the captioned matter was removed to this Honorable Court.

Rules 12(b)(4) and (5) of the Federal Rules of Civil Procedure provide in pertinent part:

> "Every defense, in law or fact, to a claim for relief ... shall be asserted in the responsive pleading ... if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (4) insufficiency of process, [and] (5) insufficiency of service of process. A motion making any of these offenses shall be made before pleading if a further pleading is permitted .... No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion ...."

Rule 12(g) provides: "A party who makes a motion under this rule may join with it any other motions ... then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party ..., the party shall not thereafter make a motion based on the defense ... so admitted ...." Rule 12(h)(1) further states: "A defense of ... insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a

motion in the circumstances described in (g) . . . ." *Jackson v. U.S.*, 138 F.R.D. 83, 85-86 (S.D.Tex. 1991).

When service of process is challenged, the party responsible for process bears the burden of proving its validity. *Id.* If service of process in a state court action is insufficient, a defendant's removal of a case to a federal district court can be accomplished without waiver of the right to present that defense in federal court by motion to dismiss. *Brizendine v. Continental Cas. Co.*, 773 F.Supp. 313 (N.D.Ala.1991). The same reasoning applies when the process is insufficient.

Mover pleads the defense of insufficiency of process pursuant to Fed. R. Civ. P. 12 (b)(4). The process attempted to be served on mover is fatally defective in that it is addressed to "Isle of Capri, Inc. f/k/a Casino America, Inc." Plaintiff may have meant to name "Isle of Capri Corporation" as a defendant when it named "Isle of Capri, Inc" as a defendant. See Louisiana Secretary of State Detailed Data attached as SCGC's Exhibit "A". Nonetheless, neither "Isle of Capri, Inc." nor "Isle of Capri Corporation" is the proper defendant. Moreover, "Isle of Capri Casino" is a trade name registered by Casino America, Inc. See Louisiana Secretary of State Detailed Data attached as SCGC's Exhibit "B". Consequently, none of the aforementioned entities are proper defendants.

"Casino America, Inc." is a corporation that never qualified to do business in Louisiana. See Louisiana Secretary of State certification attached as Exhibit "C". Moreover, Casino America, Inc. has changed its name to "Isle of Capri Casinos, Inc.(Delaware)," not "Isle of Capri, Inc." The entity named as defendant is an improper defendant as stated above and as such can have no liability herein.

The proper defendant for any liability arising out of the allegations contained in Plaintiff's Original Petition is St. Charles Gaming Company, Inc. d/b/a Isle of Capri Casino-Lake Charles. See

Louisiana Secretary of State Trade Name Detailed Data attached as Exhibit "D" and certification showing domicile and agent for service of process as Exhibit "E". St. Charles Gaming Company, Inc. d/b/a Isle of Capri Casino-Lake Charles is a separate entity from "Isle of Capri Casinos, Inc. (Delaware)". It is a fundamental concept that a corporation is a wholly separate, legal entity, and as such, the corporation is liable for its own torts.

Mover avers that pursuant to Fed. R. Civ. P. 12(b)(5), plaintiff's service of process was insufficient in the captioned matter. Service of process was defective on the <u>improper</u> defendant, "Isle of Capri Corporation," assuming Plaintiff meant to name this corporation as defendant when naming "Isle of Capri, Inc." as a defendant. Records filed with the State of Louisiana, Office of Secretary of State, reflect the agent for service of process on Isle of Capri Corporation is Brian Wallace, Phelps, Dunbar, L.L.P., Texaco Center, 400 Poydras Street, New Orleans, Louisiana 70130-3245. See Louisiana Secretary of State records attached as Exhibit "A". Service of process was also fatally defective in that the Citation was not served on the <u>proper</u> defendant's registered agent for service of process. Records filed with the State of Louisiana, Office of Secretary of State, reflect the agent for service of process on Isle of Capri Casinos, Inc. (Delaware) and St. Charles Gaming Company, Inc. d/b/a Isle of Capri Casino-Lake Charles is Brian Wallace, Phelps, Dunbar, L.L.P., Texaco Center, 400 Poydras Street, New Orleans, Louisiana 70130-3245. See Louisiana Secretary of State certification as to Isle of Capri Casinos, Inc. (Delaware) attached as Exhibit "F".

**WHEREFORE,** ST. CHARLES GAMING COMPANY, INC. d/b/a ISLE OF CAPRI CASINO-LAKE CHARLES, improperly referred to in Plaintiff's Original Petition as "Isle of Capri, Inc. f/k/a Casino America, Inc.," prays:

1. That this motion be maintained and that this Honorable Court Order Plaintiff, Jennie Beatty, to amend her Original Petition to properly cite and properly serve ST.

CHARLES GAMING COMPANY, INC. d/b/a ISLE OF CAPRI CASINO-LAKE CHARLES, within thirty days of this Honorable Court's Ruling or that Plaintiff's Original Petition be dismissed with prejudice at the cost of Jennie Beatty.

2. That after due proceedings are had, there be judgment in favor of ST. CHARLES GAMING COMPANY, INC. d/b/a ISLE OF CAPRI CASINO-LAKE CHARLES.

3. For all full and equitable relief ST. CHARLES GAMING COMPANY, INC. d/b/a ISLE OF CAPRI CASINO-LAKE CHARLES may be entitled to under the applicable state and federal law.

Respectfully submitted,

**THE GRAY LAW FIRM (APLC)**

_____
**ANNA R. GRAY**
LOUISIANA BAR #17055
**WADE T. VISCONTE**
LOUISIANA BAR #24734
Post Office Box 1467
Lake Charles, LA 70602-1467
(337) 494-0694      Telephone
(337) 494-0697      Facsimile
**Attorneys for St. Charles Gaming Company, Inc. d/b/a Isle of Capri Casino-Lake Charles**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Motion to Dismiss, and Supporting Memorandum, for Insufficiency of Process and Insufficiency of Service of Process has this day been forwarded to all counsel of record by placing a copy of same in the United States mail, postage prepaid and properly addressed.

Lake Charles, Louisiana, this __18th__ day of __January__, 2001.

_____
WADE T. VISCONTE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JENNIE BEATTY | § | NO. 1:00-CV-0803 |
| V. | § | JUDGE: HOWELL COBB |
| ISLE OF CAPRI, INC., f/k/a CASINO AMERICA, INC. | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE

Pursuant to Local Civil Rules, CV-7(h) defendant, certifies that counsel for St. Charles Gaming Company, Inc. d/b/a Isle of Capri Casino-Lake Charles ("SCGC"), (improperly designated in Plaintiff's Original Petition as Isle of Capri, Inc. f/k/a Casino America, Inc.) has conferred by telephone with opposing counsel in a good faith attempt to resolve the matter of plaintiff's insufficiency of process and service of process without court intervention. Plaintiff has no opposition to defendant's Motion to Dismiss, and Supporting Memorandum, for Insufficiency of Process and Insufficiency of Service of Process.

Respectfully submitted,

THE GRAY LAW FIRM, APLC

_____
ANNA R. GRAY          #17055
WADE T. VISCONTE      #24734
Post Office Box 1467
Lake Charles, LA 70602-1467
(337) 494-0694    Telephone
(337) 494-0697    Facsimile
**Counsel for St. Charles Gaming Company, Inc. d/b/a Isle of Capri Casino-Lake Charles**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing Certificate has been served upon the following persons by placing a copy of same in the U.S. Mail, properly addressed with First Class postage prepaid this _18th_ day of _January_ 2001 to:

Mr. Rand Allen Mintzer
Attorney at Law
5821 Southwest Freeway, Suite 501
Houston, Texas 77057

_____
WADE T. VISCONTE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JENNIE BEATTY | § | CIVIL ACTION NO. 1:00-CV-00803 |
| VERSUS | § | JUDGE HOWELL COBB |
| ISLE OF CAPRI CASINO, INC. f/k/a CASINO AMERICA, INC. | § | MAGISTRATE |

*************************************************

## TABLE OF AUTHORITIES

**CASES**                     **PAGE(S)**

*Brizendine v. Continental Cas. Co.*, 773 F.Supp. 313 (N.D.Ala.1991) .............. 3

*Jackson v. U.S.*, 138 F.R.D. 83, 85-86 (S.D.Tex.1991) ........................ 3

**STATUTES**                 **PAGE(S)**

42 U.S.C. §1332 (a)(1) ............................................... 2

Fed. R. Civ. P. 12(b)(4) ........................................... 2, 3

Fed. R. Civ. P. 12(b)(5) ........................................... 2, 4

Fed. R. Civ. P. 12(g) ............................................... 2

Fed R. Civ. P. 12(h)(1) ............................................. 2

# Louisiana Secretary of State
# Selected Business Detailed Data

34647524F

Name: ISLE OF CAPRI CORPORATION

Type Entity: Business Corporation (Non-Louisiana)

Status: Active

Domicile Address: 1641 POPPS FERRY RD., BILOXI, MS 39532

Principle Business Establishment: C/O BRIAN D. WALLACE, 400 POYDRAS STREET, 30TH FLOOR, NEW ORLEANS, LA 70130

Qualified: 06/02/1998 | Effective: 06/02/1998

Registered Agent (Appointed 6/02/1998): BRIAN D. WALLACE, 400 POYDRAS STREET, 30TH FLOOR, NEW ORLEANS, LA 70130

Officer(s)/Director(s): BERNARD GOLDSTEIN | JOHN M. GALLAWAY | ALLAN B. SOLOMON

Additional officers exist on document

New Search | Index



EXHIBIT A

# Louisiana Secretary of State
# Selected Trade Name Detailed Data

Type(s) Registered: TRADE NAME

Registered Name: ISLE OF CAPRI CASINO

Applicant: LOUISIANA RIVERBOAT GAMING PARTNERSHIP, 505 TRAVIS ST., #700, POB 1534, SHREVEPORT, LA 71165-0000

Current Status: ACTIVE

Type of Business: ENTERTAINMENT - GAMING

Classes: 00 00 00 00 00 00 00 00 00 00

First Used: 03/14/1994

First Used in LA: 03/14/1994

Reg. Date: 03/17/1994

Exp. Date: 03/17/2004

Assignment: CASINO AMERICA, INC.

New Search | Index



EXHIBIT B



# State of Louisiana

## Fox McKeithen
### SECRETARY OF STATE

*As Secretary of State, of the State of Louisiana, I do hereby Certify that*

a search of our records fails to reveal a corporation presently qualified by the name

CASINO AMERICA, INC.

*In testimony whereof, I have hereunto set my hand and caused the Seal of my Office to be affixed at the City of Baton Rouge on,*

May 22, 1996

*[signature: Fox McKeithen]*

CGR    *Secretary of State*

**EXHIBIT C**

CERTIFICATE SS 102 S (R-3/96)

# Louisiana Secretary of State
# Selected Trade Name Detailed Data

TRADE-NAME Active/Inactive: A

Applicant: ST. CHARLES GAMING COMPANY, INC. AND GRAND PALAIS , 100 WESTLAKE AVENUE , WESTLAKE, LA 70669 0000

Reg. Name:
ISLE OF CAPRI CASINO-LAKE CHARLES

Type of Business:

Classes: 00 00 00 00 00 00 00 00 00 00

First Used: 07/29/1995

First Used in LA: 07/29/1995

Reg. Date: 03/18/1997

Exp. Date: 03/18/2007

**New Search | Index**


EXHIBIT D

http://www.sec.state.la.us/cgibin?rqstyp=crpdtlts&rqsdta=550764



# State of Louisiana

## Fox McKeithen
### SECRETARY OF STATE

As Secretary of State, of the State of Louisiana, I do hereby Certify that

ST. CHARLES GAMING COMPANY, INC.

A LOUISIANA corporation domiciled at WESTLAKE,

Filed charter and qualified to do business in this State on January 19, 1993,

I further certify the records of this Office indicate the registered agent for service of is Brian D. Wallace, Phelps Dunbar, L.L.P., 400 Poydras Street, 28th Floor, New Orleans, Louisiana 70130-3245.

*In testimony whereof, I have hereunto set my hand and caused the Seal of my Office to be affixed at the City of Baton Rouge on.*

January 13, 1998

*Fox McKeithen*

CGR

*Secretary of State*





EXHIBIT
E

CERTIFICATE SS 102 S (R-3/88)



# State of Louisiana

## Fox McKeithen
### SECRETARY OF STATE

*As Secretary of State, of the State of Louisiana, I do hereby Certify that*

ISLE OF CAPRI CASINOS, INC. (DELAWARE)

A DELAWARE corporation domiciled at DOVER,

Filed charter and qualified to do business in this State on December 23, 1998,

I further certify the records of this Office indicate the registered agent for service of process is Brian D. Wallace, 400 Poydras Street, 27th Floor, New Orleans, Louisiana 70130.

*In testimony whereof, I have hereunto set my hand and caused the Seal of my Office to be affixed at the City of Baton Rouge on,*

February 2, 1999



CLO

*Secretary of State*



EXHIBIT F

CERTIFICATE SS 102 S (R-3/88)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JENNIE BEATTY | § | CIVIL ACTION NO. 1:00-CV-00803 |
| VERSUS | § | JUDGE HOWELL COBB |
| ISLE OF CAPRI CASINO, INC. f/k/a CASINO AMERICA, INC. | § | MAGISTRATE |

*************************************************

## ORDER

Considering the foregoing Motion to Dismiss for Insufficiency of Process and Insufficiency of Service of Process filed by St. Charles Gaming Company d/b/a Isle of Capri Casino-Lake Charles:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**, that ISLE OF CAPRI CASINO, INC. f/k/a CASINO AMERICA, INC. is hereby dismissed at the cost of plaintiff.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, that Plaintiff, Jennie Beatty, is commanded to amend her Original Petition to name and serve St. Charles Gaming Company, Inc. d/b/a Isle of Capri Casino-Lake Charles as the proper defendant within thirty (30) days of this Order or the captioned matter shall be dismissed with prejudice at the cost of plaintiff.

_____
HOWELL COBB
UNITED STATES DISTRICT JUDGE