IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION



| | | |
|---|---|---|
| JENNIE BEATTY | * | CIVIL ACTION NO. 1:00-CV-00803 |
| VERSUS | * | JUDGE HOWELL COBB |
| ISLE OF CAPRI CASINO, INC. f/k/a CASINO AMERICA, INC. | * * | MAGISTRATE RADFORD |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ANSWER OF ST. CHARLES GAMING COMPANY, INC. d/b/a ISLE OF CAPRI CASINO-LAKE CHARLES WITH DEFENSES

**NOW INTO COURT**, through undersigned counsel, enters Defendant, ST. CHARLES GAMING COMPANY, INC. d/b/a ISLE OF CAPRI CASINO-LAKE CHARLES ("SCGC") which pursuant to Federal Rules of Civil Procedure, Rules 8 and 12, responds to Plaintiff's Amended Complaint and Original Petition as follows:

#### FIRST DEFENSE — IMPROPER VENUE

Plaintiff's Amended Complaint and Original Petition were filed in improper venues. The proper venue for any cause of action against SCGC due to an accident on its premises in Westlake, Louisiana, is the 14th Judicial District Court for the State of Louisiana or the United States District Court for the Western District of Louisiana, Lake Charles Division.

#### SECOND DEFENSE — FAILURE TO STATE A CLAIM

Plaintiff's Amended Complaint and Original Petition fail to state a claim upon which relief can be granted as neither pleading alleges facts sufficient to support the burden of proof required by plaintiff pursuant to Louisiana's premises liability law nor Louisiana's "slip and fall" statute, Louisiana Revised Statute 9:2800.6.

## THIRD DEFENSE — PRESCRIPTION

Plaintiff's Amended Complaint and Original Petition fail to state a claim upon which relief can be granted. Plaintiff alleges that she was injured on February 18, 1999. Plaintiff filed suit on or about September 18, 2000. Pursuant to La. C.C. art. 3492, plaintiff had one (1) year from the date of injury or damage being sustained to file suit. Accordingly, Plaintiff's Amended Complaint and Original Petition fail to state a claim upon which relief can be granted. Plaintiff's claim has prescribed.

## FOURTH DEFENSE

No unreasonably dangerous condition nor unreasonable risk of harm existed in or on SCGC's Pavilion premises.

## FIFTH DEFENSE

Property owners/merchants are not insurers of their customer's/patron's safety. SCGC did not have a duty to protect against every conceivable harm which a plaintiff might suffer. SCGC did not have a duty to protect against the harm plaintiff allegedly suffered.

## SIXTH DEFENSE — CONTRIBUTORY NEGLIGENCE

SCGC is not liable, and plaintiff is barred and precluded from pursuing her claims since (A) if she sustained damages, they resulted 100% from her own negligence in failing to exercise reasonable care in walking down stairs in SCGC's Pavilion lobby; (B) failing to look where she was stepping; (C) failing to use handrails as a safety measure in descending the stairs; (D) failing to use one of the several alternative means available to exit SCGC's Pavilion premises.

## SEVENTH DEFENSE — FRAUD

SCGC specifically reserves the right to plead plaintiff's fraud as an affirmative defense to plaintiff's claim for damages should discovery establish facts upon which to support such a defense.

### EIGHTH DEFENSE — LAST CLEAR CHANCE

SCGC specifically pleads that plaintiff had the last clear chance to avoid the alleged accident.

### NINTH DEFENSE — FAILURE TO MITIGATE DAMAGES

SCGC specifically pleads that plaintiff has failed to reasonably mitigate her damages.

### TENTH DEFENSE

As further response, SCGC avers upon information and belief, that plaintiff received no injuries in the alleged accident that occurred on or about February 18, 1999. SCGC avers that plaintiff is attempting to recover in this lawsuit for problems and conditions which pre-existed February 18, 1999, such that any actions plaintiff has filed since that date are related to those pre-existing conditions and/or other accidents.

### ANSWER TO ORIGINAL PETITION AND AMENDED COMPLAINT

Defendant, SCGC, denies each and every allegation of Plaintiff's Amended Complaint and Original Petition, except as expressly admitted hereinafter, and realleges, reiterates and incorporates herein by reference all of SCGC's responses above as further answer to the allegations in Plaintiff's Amended Complaint and Original Petition.

AND NOW, defendants respond to the specific allegations of Plaintiff's Amended Complaint and Original Petition numerically as follows:

1.

In response to Plaintiff's Amended Complaint and Original Petition, Paragraph I, SCGC denies the allegations as written and denies the allegations as stating an incorrect conclusion of law.

2.

In response to Plaintiff's Amended Complaint and Original Petition, Paragraph II, St. Charles Gaming Company, Inc. d/b/a Isle of Capri Casino-Lake Charles, admits that it was properly named

as a defendant in Plaintiff's Amended Complaint and that SCGC's principal place of business is in Westlake, Louisiana. SCGC further admits that it agreed that Plaintiff's Amended Complaint could be served on SCGC's undersigned counsel of record, and undersigned counsel of record agreed to accept and sign a properly drafted Waiver of Service.

Further answering, SCGC denies that "Isle of Capri, Inc. f/k/a Casino America, Inc." is a proper defendant to the captioned matter. SCGC is not aware of any corporation in existence named "Isle of Capri, Inc. f/k/a Casino America, Inc.," and, as such, said nonexistent entity can have no liability.

3.

In response to Plaintiff's Amended Complaint and Original Petition, Paragraph III, St. Charles Gaming Company, Inc. d/b/a Isle of Capri Casino-Lake Charles, denies the allegations for lack of sufficient information to justify a belief therein.

4.

In response to Plaintiff's Amended Complaint and Original Petition, Paragraph IV, the allegations are denied as conclusions of law.

5.

In response to Plaintiff's Amended Complaint and Original Petition, Paragraph V, the allegations are denied as conclusions of law.

6.

In response to Plaintiff's Amended Complaint and Original Petition, Paragraph VI, the allegations are denied for lack of sufficient information to justify a belief in the truth therein and are denied as conclusions of law.

FURTHER ANSWERING, the alleged accident occurred in Louisiana on the premises of a Louisiana merchant and the alleged damages were sustained in Louisiana. The issues of liability and damages should be determined by Louisiana, not Texas law.

7.

In response to Plaintiff's Amended Complaint and Original Petition, Paragraph VII, the allegations are denied as they constitute conclusions of law.

**WHEREFORE**, ST. CHARLES GAMING COMPANY, INC. d/b/a ISLE OF CAPRI CASINO-LAKE CHARLES prays that its answer be deemed good and sufficient, and that after due proceedings had, there be judgment rejecting and dismissing Plaintiff's Amended Complaint and Original Petition with prejudice, at plaintiff's costs; and St. Charles Gaming Company, Inc, d/b/a Isle of Capri Casino-Lake Charles be granted all general, equitable and any such additional relief as the law, the evidence and equity may warrant, including reasonable attorney fees, expert fees and costs.

Respectfully submitted,

_____
ANNA R. GRAY
LOUISIANA BAR #17055
**WADE T. VISCONTE (T.A.)**
LOUISIANA BAR #24734
**THE GRAY LAW FIRM (APLC)**
Post Office Box 1467
Lake Charles, Louisiana 70602-1647
(318) 494-0694    Telephone
(318) 494-0697    Facsimile

**Attorneys for St. Charles Gaming Company, Inc. d/b/a Isle of Capri Casino-Lake Charles**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that pursuant to the terms of the Federal Rules of Civil Procedure, Rule 5, a copy of the above and foregoing Answer of St. Charles Gaming Company, Inc. d/b/a Isle of Capri Casino-Lake Charles with Affirmative Defenses has this day been mailed, First Class, United States mail, postage prepaid and properly addressed to all counsel of record, at the addresses set forth in the record.

This 13th day of March, 2001, Lake Charles, Louisiana.

_____
**WADE T. VISCONTE**