EOD 3-8-02



FILED-CLERK
U.S. DISTRICT COURT

02 MAR -8 PM 3: 15

TX EASTERN-BEAUMONT

BY B.Carter

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JENNIE BEATTY | § § | |
| v. | § § | CIVIL ACTION NO. 1:00CV803(WCR) |
| ST. CHARLES GAMING COMPANY INC. d/b/a Isle of Capri Casino-Lake Charles | § § § § | JURY |

## DOCKET CONTROL ORDER

The Court enters this case specific order which controls disposition of this action pending further order of the Court.

### DEADLINES

April 15, 2002[1]  Deadline to add parties. This deadline does not excuse counsel from filing motions for leave to amend pursuant to FEDERAL RULE OF CIVIL PROCEDURE 15(a).

Case specific disclosure due. See infra, page 4.

June 3, 2002  Discovery deadline. No discovery, with the exception of discovery of experts, may be conducted after this date absent court order specifically approving.

---

[1] If a deadline falls on a Saturday, Sunday or federal holiday, the effective date is the first federal court business day following the deadline imposed.

38

|  |  |
|---|---|
|  | <u>Deadline to file motions for leave to amend pleadings</u>. This deadline does not excuse counsel from filing motions for leave to amend pursuant to FEDERAL RULE OF CIVIL PROCEDURE 15(a). |
|  | <u>Deadline to file dispositive motions</u>. Summary judgment motions, responses and replies must comply with the requirements set forth in LOCAL RULE CV-56. |
| <u>July 20, 2002</u> | <u>Mediation must occur by this date</u>. Named individual parties and persons with settlement authority shall attend the mediation. Counsel for defendant shall advise the Court of the outcome of the mediation by letter. |
| <u>June 15, 2002</u> | <u>Disclosure of expert testimony</u>. After reports have been disclosed, experts may be deposed. Treating physicians are not required to provide expert reports absent good cause shown. |
| <u>June 30, 2002</u> | <u>Disclosure of rebuttal expert testimony</u>. After reports have been disclosed, rebuttal experts may be deposed. |
| <u>July 15, 2002</u> | <u>Deadline to file motions objecting to experts</u>. Motions to exclude expert testimony shall be accompanied by copies of both the expert's report and deposition testimony. |
| <u>August 1, 2002</u> | <u>Notice of intent to offer certified business records</u>. Parties must give written notice of intent to offer certified business records pursuant to FEDERAL RULES OF EVIDENCE 902(11) and 902(12). |
|  | <u>Plaintiff's portion of pre-trial order sent to defendant</u>. Plaintiff shall serve its portion of the pre-trial order upon defendant in both hard copy and computer diskette format. |
| <u>August 15, 2002</u> | <u>Defendant's and third-party's portions of pre-trial order sent to plaintiff</u>. Defendants and third parties need only serve hard copies of their portions of the pre-trial order upon plaintiff. |

August 30, 2002          <u>Joint final pre-trial order due</u>.  Defense counsel is responsible for assembling the parties' submissions and delivering the proposed order to the Court.  *See* Appendix D to the LOCAL RULES.

<u>Pre-trial objections due</u>.  Objections[2] to use of depositions, documents, certified business records, summaries of evidence and exhibits at trial.

<u>Proposed jury instructions and verdict form due</u>.  Counsel for plaintiff is responsible for submitting the joint proposed jury instructions and verdict form in both hard copy and computer diskette (WordPerfect compatible) form.  Counsel must include a citation to the source of each proposed instruction.  Those portions of the instructions on which counsel cannot agree shall be set be set forth in bold face type.

<u>Motions in limine due</u>.

September 10, 2002       <u>Responses to motions in limine due</u>.

September 23, 2002       <u>Hearing on motions in limine</u>.

August 30, 2002          <u>Pre-marked exhibit list due</u>.

September 23, 2002       <u>Date parties should be prepared to try case</u>.

---

[2] Objections not made at this time, with the exception of objections under FEDERAL RULES OF EVIDENCE 402 and 403, shall be deemed waived.

## SCOPE OF DISCOVERY

<u>Modification</u>. Taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues, the Court modifies the parameters of discovery in the following respects. *See* FED. R. CIV. P. 26(b)(2)(iii).

<u>Case specific disclosure</u>. Each party shall disclose the following information within the time limits set forth in this docket control order:

(1)     the correct names of the parties to the action;

(2)     the name and, if known, address and telephone number of any potential parties to the action;

(3)     the name and, if known, the address and telephone number of persons having knowledge of facts relevant to the claims and defenses of any party, a brief characterization of their connection to the case and a fair summary of the substance of the information known by such person;

(4)     the authorizations described in LOCAL RULE CV-34; and

(5)     a copy of, or a description by category and location of, all documents, data compilations, witness statements and tangible things in the possession, custody or control of the disclosing party that are relevant to the claims and defenses of any party. *See* LOCAL RULE CV-26(d).

A party that fails to disclose such information is not, unless such failure is harmless, permitted to use such evidence at trial, hearing or in support of a motion. In addition to or in lieu of such sanction, the Court may impose other appropriate sanctions, including the payment of reasonable expenses and attorney's fees.

<u>Depositions</u>. All parties and designated experts may be deposed. The deposition of the plaintiff's treating physicians, if any, may be taken. In addition, each side is allowed *INSERT* fact witness depositions.

Absent stipulation or court order, depositions are limited to seven hours of one day. *See* FED. R. CIV. P. 30(d)(2). Reasonable breaks for lunch and otherwise do not count toward the

seven-hour limit.

Objections to questions during oral depositions are limited to "objection, leading" and "objection, form." The only proper objection to a response is "objection, nonresponsive." These objections are waived if not properly made during the deposition. All other objections are reserved for trial. If requested by the opposing party, the objector must give a clear and concise explanation of an objection; failure to do so results in waiver of the objection. *See* LOCAL RULE CV-30.

A person may instruct a deponent not to answer a deposition question <u>only</u> when necessary to preserve a privilege, to enforce a limitation directed by this Court or to present a motion to prevent examination in bad faith or in such manner as unreasonably to annoy, embarrass or oppress the deponent or party. *See* FED. R. CIV. P. 30(d).

The parties are permitted unlimited depositions on written questions of custodians of business records.

The parties are excused from the pretrial disclosure requirements set forth in FEDERAL RULE OF CIVIL PROCEDURE 26(a)(3) as such disclosure is cumulative of this Court's pre-trial order procedures.

## MOTION PRACTICE

All pleadings must be titled with the party's litigation designation, name, whether the motion is opposed or unopposed and a statement of the nature of the filing (e.g., Defendant John Doe's Unopposed Motion to Extend Submission Date). *See* LOCAL RULE CV-10(a)(2). Directly beneath the civil action number, all pleadings should indicate whether the action is on the jury or bench docket. *See* LOCAL RULE CV-38(a). All motions must include a certificate of service and certificate of conference. *See* LOCAL RULES CV-5(e), 7(h). Briefing is to be in the same document as the motion or response. *See* LOCAL RULE CV-7(c),(d). If parties rely on evidence in support of a motion, response or reply, the evidence must be excerpted (in context) and highlighted. *See* LOCAL RULE CV-7(b). Summary judgment motions, responses and replies must comply with the additional requirements set forth in LOCAL RULE CV-56. No courtesy copies should be forwarded to chambers.

## DISCOVERY DISPUTES

A magistrate judge is available during business hours to immediately hear discovery disputes and to enforce provisions of the rules. The hotline is an appropriate means to obtain an immediate ruling on whether a discovery request is relevant to the claims or defenses. The hotline number is (903) 590-1198. *See* LOCAL RULE CV-26(e).

## SETTLEMENT

Plaintiff's counsel shall immediately notify the Court upon settlement.

## RESOURCES

The Eastern District of Texas website (http://www.txed.uscourts.gov) contains LOCAL RULES, telephone numbers, general orders, frequently requested cases, the Eastern District fee schedule, judicial caseload profile (for use in motions to transfer venue) and links to other judicial sites. The following forms are available on the website: motion to appear *pro hac vice*, summons, subpoena, general complaint and the attorney admission application. The following forms are included as appendices to the LOCAL RULES: (1) Consent to Proceed Before Magistrate (Appendix B); (2) Civil Cover Sheet (Appendix C); (3) Joint Final Pretrial Order (Appendix D). For a fee, the PACER system allows you to access case information *via* the internet. To establish a PACER account, call (800) 676-6856 or (210) 301-6440.

## COMPLIANCE

A party is not excused from the requirements of this docket control order by virtue of the fact that dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosure or because another party has failed to comply with this order or the rules.

Failure to comply with relevant provisions of the LOCAL RULES, the FEDERAL RULES OF CIVIL PROCEDURE or this order may result in the exclusion of evidence at trial, the imposition of sanctions by the Court, or both. The Court is not bound to accept agreements[3] of counsel to extend deadlines imposed by rule or court order. *See* LOCAL RULE AT-3(j).

---

[3] If a fellow member of the Bar makes a just request for cooperation, or seeks scheduling accommodation, a lawyer will not arbitrarily or unreasonably withhold consent. *See* LOCAL RULE AT-3(j).

**SO ORDERED.**

**SIGNED** this the 8th day of March 2002

*[signature: Wendell C. Radford]*
WENDELL C. RADFORD
UNITED STATES MAGISTRATE JUDGE