EOD ___SEP 2 3 2002___

FILED-CLERK
U.S. DISTRICT COURT

02 SEP 23 PM 2:23

TX EASTERN-BEAUMONT

BY _____



## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| JENNIE BEATTY | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:00-CV-00803 |
| ISLE OF CAPRI CASION, INC. | § | |
| f/k/a CASINO AMERICA, INC. | § | |
| Defendants | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant St. Charles Gaming Company, Inc.'s ("SCGC")
*Motion For Summary Judgment* [#40] and *Motion to Determine Applicable State Law* [#20].
The court has considered these motions and responsive pleadings.

### FACTUAL AND PROCEDURAL HISTORY

This case arises out of a "slip and fall" incident that occurred on February 18, 1999, on
the premises of SCGC d/b/a Isle of Capri Casino in Lake Charles, Louisiana.  Plaintiff alleges
that Defendant was negligent in maintaining the premises, thereby resulting in her injuries.  The
case was removed from the 136th Judicial District Court, Jefferson County, Texas, by SCGC on



November 22, 2000.[1] [#1] This matter has been transferred to the undersigned by consent of the

parties per 28 U.S.C. § 636(c) by the order of United States District Judge Howell Cobb. [#7]

Defendant has filed its *Motion for Summary Judgment* [#40], *Memorandum in Support of Motion*

*for Summary Judgment* [#43] , *Reply Memorandum in Support of Motion for Summary Judgment*

[#51] and its *Motion to Determine Applicable State Law* [#20], contending:

1)   Louisiana law applies to Plaintiff's tort claims;

2)   the Louisiana statute governing a one-year prescription period bars Plaintiff's

claims,  and alternatively;

3)   Plaintiff cannot meet her burden of proof under Louisiana law because she cannot

prove that SCGC had "actual or constructive knowledge" as required by La. R.S.

9:2800.6, Louisiana's "slip and fall" statute.

Plaintiff has filed her *Response to Defendant's Motion for Summary Judgment and*

*Memorandum in Support Thereof* [#46].  She contends the following:

1)   Texas Civil Practice and Remedies Code section 71.031 applies to the choice of

law issue;

2)   Plaintiff's claims are therefore not barred by the Louisiana prescription period

under application of section 71.031; and alternatively;

3)   Genuine issues of material fact under both Texas and Louisiana law exist on the

"actual or constructive notice" issue of Plaintiff's claims.

_____

[1]  Because the case was filed prior to the rule changes of December 1, 2000, the "old" Local Rules of the Eastern District of Texas apply.

2

The parties have also filed briefs and various responsive pleadings on the issue of which state's law applies [#21, 22].  Those pleadings are also before the Court for purposes of this opinion.

## DISCUSSION

A)      **Application of Choice of Law Principles: Which State's Substantive Law Applies?[2]**

Under the Erie doctrine, a federal court sitting in diversity must apply the substantive law of the forum state and federal procedural law.  *Rosenberg v. Celotex Corp.*, 767 F.2d 197, 199 (5th Cir. 1985)(citing *Hanna v. Plumer*, 380 U.S. 460 (1965); *Erie Railroad Co. v. Tompkins* 304 U.S. 64 (1938)).  State substantive law includes a state's conflict of laws rules.  *Id.*  (citing *Klaxon v. Stentor Electric Co.*, 313 U.S. 487 (1941)).  Thus, in diversity cases, federal courts are obliged to apply the choice of law rules of the forum state.  *Spence v. Glock, Ges.m.b.h.*, 227 F.3d 308, 311 (5th Cir. 2000)(citing *Klaxon*, 313 U.S. at 496).  As Texas is the forum state in this matter, the court will apply Texas choice of law rules.  Both parties agree with this application in their pleadings.

Texas courts use the ALI Restatement (Second) of Conflicts "most significant relationship test" for all civil choice of law cases except those contract cases in which the parties have agreed to a valid choice of law clause.  *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984); *Gutierrez v. Collins*, 585 S.W.2d 312, 318 (Tex. 1979); *Crisman v. Cooper Indus.*, 748 S.W.2d 273, 276 (Tex. App. – Dallas 1988, writ denied).  Section 6 of the

---

[2] The Court will first determine the applicable state law because such a determination is necessary to address the substantive legal issues presented by the pending motions.

Restatement contains the general principles involved in the conflicts analysis whereas Restatement Section 145 lists the factual matters to be considered when applying the Section 6 principles to a given case. *Perez v. Lockheed Corp. (In re Air Disaster at Ramstein Air Base)*, 81 F.3d 570, 577 (5th Cir. 1996). These factual matters are determinative as to which state has the most significant relationship with the case. Under the "most significant relationship test," courts consider: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; and (4) the place where the relationship between the parties, if any, is centered. RESTATEMENT (SECOND) OF CONFLICTS § 145(2); *Access Telecomm., Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 704 (5th Cir. 1999). The parties agree with application of the "most significant relationship" test in their pleadings but they disagree with the outcome upon its application to the facts of this matter.

Defendant argues that Louisiana law should apply to all of Plaintiff's claims. At one stage in the litigation, both parties conceded that Louisiana law should apply to Plaintiff's tort claims. *See* Defendant SCGC's *Memorandum on Applicable State Law* [#32] and Plaintiff Beatty's *Brief Regarding Choice of Law* [#34]. However, there seems to be some confusion in Plaintiff's pleadings as to which causes of action she is arguing that Texas law should apply. While she agrees that Texas law will apply to her tort claims, but disagrees as to its application to her warranty claims in her *Brief Regarding Choice of Law*, she later argues in her *Response to Defendant's Motion for Summary Judgment* [#46] that Texas law should apply to all causes of action under Texas Civil Practice and Remedies Code Section 71.031. The Court will attempt to

4

resolve this confusion by determining that Louisiana law applies to all of Plaintiff's claims for breach of warranty and tort under the "most significant relationship" test.

Texas requires that a choice of law determination be done on an issue by issue basis. *Spence v. Glock, Ges.m.b.h.*, 227 F.3d 308, 311 n.6 (5th Cir. 2000)(citing *Duncan*, 665 S.W.2d at 421). Therefore, the warranty and tort issues should be addressed in turn for choice of law analytical purposes.

In this case, the alleged breach of implied warranty arises out of the tort. No contractual cause of action is asserted. The warranty claims are one in the same with those based in negligence claims because all of Plaintiff's claims sound in theories of premises liability. The breach of warranty claims are based on the same allegedly tortious conduct that gives rise to her negligence claims. These types of warranty claims are *delictual* or tortious, not contractual, in nature. *See McDaniel v. Anheuser Busch, Inc.,* 987 F.2d 298, 308 (5th Cir. 1993); *Heirs of Fruge v. Blood Servs.,* 506 F.2d 841, 846 (5th Cir. 1975); *Beasley v. Fairchild Hiller Corp.*, 401 F.2d 593, 596 (5th Cir. 1968). Therefore, because all of Plaintiff's claims essentially sound in tort, rather than some in tort and some in contract, the Court will apply the "most significant relationship" test to Plaintiff's causes of action as a whole.

The "most significant relationship" factors under Section 145 apply to the facts of this case as follows:

1)      Place of injury.

It is undisputed that Plaintiff's injuries occurred in Lake Charles, Louisiana.

2)      Place where conduct causing the injury occurred.

5

It is also undisputed that the "wet carpet" which allegedly caused Plaintiff's injuries was located on Defendant's premises in Lake Charles, Louisiana.

   3)   The domicile, residence, nationality, place of incorporation and place of business of the parties.

Plaintiff resides in Beaumont, Texas. Defendant's principal place of business is located in Lake Charles, Louisiana. Defendant is a Louisiana corporation. Thus, for purposes of residency, Defendant is considered a resident of Louisiana. 28 U.S.C. §1332 (c)(1).

   4)   The place where the relationship, if any, between the parties is centered.

The relationship shared by the parties consists of Plaintiff's attendance of the casino. Plaintiff traveled to Louisiana to visit the Casino. Although the Casino advertises in Texas, this solicitation did not create an individual relationship with Plaintiff specifically. The relationship arose out of Plaintiff's visitation to Defendant's premises and her patronage of the Casino in Louisiana. Thus, the Court concludes that the "relationship" was centered in Louisiana, where the casino is located.

As illustrated above, under the most significant relationship analysis, the only relevant contacts that Texas has with this case is the fact that the plaintiff is domiciled there. Because both the case law and the Restatement instruct the Court to place more emphasis on the place of the alleged misconduct, than on the residential preference of the plaintiff, it is concluded that the third factor, domicile of the parties, will not weigh in favor of the plaintiff to overcome the fact that all of the relevant conduct took place in Louisiana. *See Jackson v. West Telemarketing Corp.*, 245 F.3d 518, 523 (5th Cir. 2001); *Perez v. Lockheed (In re Air Disaster at Ramstein Air*

6

*Base)*, 81 F.3d 570, 577 (5th Cir. 1996). Consequently, Louisiana has the "most significant relationship" with the case under the Texas choice of law analysis and Louisiana substantive law therefore applies.

Plaintiff argues that Texas Civil Practice and Remedies Code Section 71.031 is the "applicable Texas choice of law statute." *See* Plaintiff's *Response to Motion for Summary Judgment* [#46], at pp. 2-3. Section 71.031 is the Texas wrongful death statute, which gives rise to a cause of action for "death or personal injury." TEX. CIV. PRAC. & REM. CODE § 71.031.[3] It is a codified choice of law provision only to the extent that it determines which state's statute of limitations applies for out-of-state injuries. *Tullis v. Georgia-Pacific Corp.*, 45 S.W.3d 118, 128 (Tex. App. – Forth Worth, 2000, no pet. h.). It dictates that "the court shall apply the rules of substantive law that are appropriate under the facts of the case" for cases arising under 71.031. *Id.*, at § 71.031(c). The Texas Supreme Court has interpreted this phrase to require "a most significant relationship" approach. *See Crisman v. Cooper Indus.*, 748 S.W.2d 273, 276 (Tex. App. – Dallas, 1988, writ denied)(citing *Total Oilfield Svcs., Inc. v. Garcia*, 711 S.W.2d 237, 239 (Tex. 1986)). The "most significant relationship" test requires that Louisiana substantive law be applied, as established *supra*. Therefore, Louisiana substantive law is "appropriate under the facts of the case" and 71.031 does not alter the decision to apply Louisiana law.

**B)     Application of Law to the Motions Before the Court**

---

[3] It is important to note that Plaintiff has not plead a statutory cause of action under § 71.031. Rather, Plaintiff's claims are based in common law tort. Therefore, the Court cannot characterize Plaintiff's cause of action as a 71.031 claim absent a pleading designating it as such. This brings any application of 71.031 into question because using the choice of law provisions in 71.031 is permissive in common law cases. See *Gutierrez*, 583 S.W.2d at 314.

7

### 1) Substantive Louisiana Law on the Issue of Prescription

Sitting as an Erie court applying the substantive law of the state of Louisiana, this court must first analyze the Louisiana Civil Code, which is the primary source of law in Louisiana. *Orleans Parish School Bd. v. Asbestos Corp., Ltd*; 114 F.3d 66, 68 (5th Cir. 1997). The secondary source of law is its jurisprudence. *Id.*

Article 3492 of the Louisiana Civil Code, Louisiana's liberative one-year prescription statute for delictual (tortious) actions, is at issue. *See Defendant's Motion for Summary Judgment*, [#40], p. 2, ¶7. The provision states, in relevant part: "Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." LA. C. C. art. 3492. Delictual actions include negligence. *Ayo v. Johns-Manville Sales Corp.*, 771 F.2d 902, 907 (5th Cir. 1985)(citing *Langlois v. Allied Chemical Corp.*, 249 So. 2d. 133 (La. 1971)).

In Louisiana jurisprudence, it is "well settled that La. Civ. Code art. 3492, establishing Louisiana's one-year prescriptive period on actions in tort, is procedural in nature." *Pappion v. Dow Chemical Co.*, 627 F. Supp. 1576, 1579 (W.D. La. 1986). Louisiana case law clearly indicates that in a conflict of laws context, statute of limitations are matters of procedure and that the statute of limitations of the forum controls, "a maxim long accepted in American jurisprudence." *Wright v. Fireman's Fund Ins. Co.*, 522 F.2d 1376, 1378 (5th Cir. 1975)(citations omitted). Louisiana courts refer to prescription statutes as procedural in nature. *Id.* (Citing *Sewerage & Water Bd. of New Orleans v. Sanders*, 264 So.2d 270 (La. Ct. App. 1972).

8

The only Louisiana case the Court could locate which applied 3492 as substantive rather than procedural law is *Vincent v. A.C.& S., Inc.*, 833 F.2d 553 (5th Cir. 1987). There appears to be some conflict as to the characterization of the prescription statute at issue for procedural versus substantive purposes. However, the Court finds *Vincent* distinguishable because 1) it did not involve conflict of law issues, as does this case, and 2) it addressed the issue of "voluntary dismissal" within the context of the Louisiana Civil Code Article 3462 tolling provision, which is not at issue in this case. *See Vincent*, 833 F.2d at 556.

In their pleadings, Plaintiff and Defendants engage in a thorough discussion on the prescriptive versus preemptive, or procedural versus substantive nature, of Article 3492. Defendants rely on the application of the Louisiana prescription period in *Marchesani v. Pellerin-Milnor Corp.*, 269 F.3d 481 (5th Cir. 2001). *Marchesani* is not determinative to this case because it applies Louisiana choice of law provisions as codified in Louisiana Civil Code Article 3549. *Id.* Defendant argues that this choice of law provision is not limited merely to cases filed in Louisiana state courts or federal courts sitting in Louisiana. *See Defendants' Memorandum in Support of Motion for Summary Judgment*, p. 10, n.12. The Court finds this argument unpersuasive and must adhere to the language of the Code rather than Defendant's interpretation. Article 3549 applies to actions brought in Louisiana because it addresses which state's statute of limitations apply "when the substantive law of this state would be applicable to the merits of an action brought in *this* state." LA. C. C. art 3549. This case was brought in Texas, and as an Erie court sitting in Texas, this court must apply the conflicts of law rules of the forum state. Therefore, Texas, not Louisiana, choice of law rules apply in this case, as discussed *supra*, and Article 3549 is inapplicable.

9

This court also finds Defendant's reliance on *Gaston v. B.F. Walker, Inc.*, 400 F.2d 671 (5th Cir. 1968), unconvincing. *Gaston* is one of the few Fifth Circuit cases the Court located involving the application of Texas choice of law principles and Louisiana substantive law by an Erie court. *Gaston* involved the Louisiana wrongful death statute, now codified as La. C. C. art. 2315.2. The Gaston Court acknowledged that "although statutes of limitations are generally characterized as procedural, they are classified as substantive when the limitation provision is itself an integral part of the statute creating the cause of action." *Id.* at 673. While Article 2315 was interpreted as such a substantive statute in *Gaston*, that case did not analyze La. C. C. art. 3492, the relevant prescription statute for our purposes. Article 3492 has been repeatedly held to be procedural, not substantive in nature, as discussed *supra*. Therefore, *Gaston* is distinguishable from this case.

Under Texas choice of law provisions, we are to apply the substantive law of Louisiana and the procedural law of Texas. *See Pappion v. Dow Chemical Co.*, 627 F. Supp. 1576, 1579 (W.D. La. 1986). The relevant two-year Texas limitations period, Texas Civil Practice and Remedies Code, § 16.003, is procedural in nature. *Cox v. McDonnell-Douglas Corp.*, 665 F.2d 566 (5th Cir. 1982). Applying Texas choice of law rules, a limitations period is considered substantive only where the statute creates a right and also incorporates a limitation upon the time within which the suit is to be brought, because in such instances the limitation qualifies the right so that it becomes a part of the substantive law rather than procedural. *See Cox*, 665 F.2d at 571. Article 3492 is not such a statute, as discussed above. Article 3492 is procedural in nature. Therefore, the two-year statute of limitations of the forum state, Texas, applies to this case.

Additionally, the United State Supreme Court has given Erie courts permission to apply the forum state's statute of limitations even in cases governed by the substantive law of another state. *Sun Oil Co. v. Wortman*, 486 U.S. 717, 722 (1988). Courts within the Fifth Circuit have exercised this power to apply a forum's statute of limitations to foreign causes of actions. *See Trizec Properties, Inc. v. United States Mineral Co.*, 974 F.2d 602 (5th Cir. 1992); *Weaver v. Kellogg*, 216 B.R. 563 (S.D. Tex. 1997). This provides additional support for the Court's decision to apply the Texas statute of limitations and Louisiana substantive law to the merits of Plaintiff's claims.

As for the application of the limitations period to the facts of this case, it is undisputed that Plaintiff sustained her injuries on February 19, 1999. The Texas statute of limitations requires that a claim for personal injury be brought within two years of the occurrence of the injury. TEX. CIV. PRAC. & REM. CODE § 16.003. Plaintiff filed her action in state court on September 18, 2000. *See Plaintiff's Original Petition*. This is approximately five months before the passing of the February 19, 2001 deadline for filing her claims under the Texas statue of limitations. Therefore, Plaintiff's claims are not time-barred. Defendant's Motion for Summary Judgment on the prescription issue is therefore denied. It follows that the Court must now address the merits of Plaintiff's claims as contested in the Motion for Summary Judgment.

**3)    Application of the Louisiana "Slip and Fall" Statute**

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

11

matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment bears the initial responsibility of identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *See Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir. 1996)(citations omitted). The movant's burden is only to point out the absence of evidence supporting the nonmovant's case. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992). When the moving party has carried its burden of demonstrating the absence of a genuine issue of material fact, the nonmoving party bears the burden of coming forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Thus, Defendant SCGC must establish that no issue of material fact exists on Plaintiff Beatty's claims. Plaintiff must then provide the Court with evidence to the contrary to survive summary judgment.

Both parties have confined their summary judgment arguments on the merits of Plaintiff's claims to Louisiana Revised Statutes Section 9:2800.6, specifically on the issue of "actual and constructive" notice of the condition of the premises. Section 9:2800.6 provides in relevant part:

"B.    In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other causes of action, that:

12

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) the merchant *either created or had actual or constructive notice* of the condition which caused the damage, prior to the occurrence.

(3) the merchant failed to exercise reasonable care...." LA. REV. STAT. 9.2800.6.

Under the statute,"constructive notice" means "the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." *Id.*

The Louisiana Supreme Court discussed the necessary elements of a premises claim under Section 9.2800.6 in *White v. Wal-Mart*, 699 So.2d 1081 (La. 1997). *White* requires that under section 9.2800.6, "a plaintiff who seeks to show a merchant's constructive knowledge of a condition causing injury must show that the condition existed for some time prior to the fall." *Id.* at 1085-1086. Thus, the plaintiff must offer proof of a temporal element. *Id.* at 1084. The statute does not allow for the inference of constructive notice absent some showing of this temporal element. *Id.* The establishment that some period time existed is a prerequisite in proving that the merchant had constructive notice. *Id.*

The only evidence presented to this court is the deposition testimony of Plaintiff Beatty and her brother, Paul Joseph, included as exhibits in support of Defendant's *Motion for Summary Judgment* [#40]. Both Ms. Beatty and Mr. Joseph testified that they did not know how long the alleged "wet spot" had been in existence on the carpet of Defendant's premises. The testimony also indicates that they did not know what caused the wet condition.

13

Upon Defendant's presentation of this testimony, the burden shifts to Plaintiff to produce factual support to establish that she will be able to establish her evidentiary burden. *Babin v. Winn-Dixie Louisiana, Inc.*, 764 So.2d 37, 40 (La. 2000). The Plaintiff only offered her testimony that "the whole carpet was wet." *See* Plaintiff's *Response to Defendant's Motion for Summary Judgment and Memorandum in Support Thereof* [#46]. No other evidence on the temporal element has been offered by the Plaintiff in rebuttal to Defendant's motion. While Plaintiff argues that other testimony may be relevant, such testimony is not before the Court. The Court cannot consider evidence which has not been presented to it in accordance with Federal Rule of Civil Procedure 56(c) for summary judgment purposes.

Plaintiff argues that "the fact that the whole carpet was wet establishes that the condition had been existent for some time." However, such speculation falls short of the level of proof required by *White. Babin,* 764 So.2d at 40. The Plaintiff has not made a "positive showing" that the hazardous condition existed for some time prior to the fall. *Williams v. Shoney's, Inc.,* 99-0607 (La. App. 1 Cir. 3/31/00), 764 So.2d 1021, 1024 (citing *White,* at 1084-1085).

Despite her speculation that because the whole carpet was wet the condition may have existed for some period prior to her fall, Plaintiff has not established by a positive showing the condition did exist for some period of time prior to her fall. *See Babin,* at 40; *White,* 699 So.2d at 1082. Defendant has met its burden in pointing out that there is an absence of factual support for one or more elements of Plaintiff's claims, namely the "constructive notice" element of the section 9:2800.6 cause of action. *See Oliva v. Winn-Dixie Louisiana, Inc.;* 99-831 (La. App. 5

14

Cir. 01/04/00) 756 So.2d 444, 446, *writ denied*, 2000-0370 (La. 3/31/00), 759 So.2d 71.  As a result, Defendant's Motion for Summary Judgment must be granted.

The only legal authority on the constructive notice issue that Plaintiff cites to this court in her *Response to Motion for Summary Judgment* is *Kedia v. Brookshire Grocery Co.*, 32,324 (La. App. 2 Cir. 12/15/99) 752 So.2d 944, *writ denied*, 2000-0139 (La. 3/17/00), 757 So.2d 640. Plaintiff refers to *Kedia* in support of the proposition that "circumstantial, as well as direct, evidence is probative" of the notice question. *See* Plaintiff's *Response*, at p.7.  While this may be true, Plaintiff has not presented evidence, circumstantial or direct, to show that the wet condition existed for the required time period.  Additionally, the Kedia Court had substantially more evidence before it than this court does. In *Kedia*, the Court simply concluded that "the direct and circumstantial evidence" evidence supported the finding that the hazardous condition at issue had existed for some time prior to the accident.  *Id.* at 949.  That evidence included testimony from the merchant's employees and documentation of the company's clean-up policy. *Id.* at 948-949.  Evidence of this nature is not on the record in this case.  Therefore, *Kedia* is distinguishable from this case on its facts and its application is not convincing.

A conflict has surfaced in the pleadings as to whether Defendant has established itself as a "merchant" for purposes of 9:2800.6. The Court will merely point out that it is unnecessary to engage in a factual summary judgment analysis on this issue as Defendant has established that no issue of material fact exists on the "constructive notice" of Plaintiff's claim.  Additionally, applying Louisiana substantive law, casinos and establishments like SCGC have been designated "merchants" as a matter of law when applying 9:2800.6. *Moore v. Pelican Gaming, Inc.*, 2001

15

U.S. Dist. LEXIS 15194; *Nuccio v. Robert d/b/a Cookbook Lounge*, 99-1327 (La. App. 5 Cir. 4/25/00) 761 So.2d 84, *writ denied*, 2000-1453 (La. 6/30/00), 766 So.2d 544; *Neal v. Players Lake Charles, LLC*, 01-0244 (La. App. 3 Cir. 06/06/01) 787 So.2d 1213, *writ denied*, 2001-1983 (La. 10/26/01), 799 So.2d 1147.

The status of Louisiana law is that merchants can only be held liable when the slip and fall claimant can carry the burden of proving the injury causing condition was on the floor for such a period of time that the merchant would discover the condition in the exercise of reasonable care. *Baggett v. Schwegmann Giant Supermarkets*, 99-421 (La. App. 5 Cir. 11/10/99) 750 So.2d 1027, 1032. Accordingly, for the reasons set forth herein, the Defendant's Motion for Summary Judgment is granted.

## CONCLUSION

In response to Defendant's Motion to Determine Applicable State Law [#20], the Court determines that Louisiana substantive law applies to Plaintiff's claims. The court also finds that the statute of limitations of the forum state, Texas, applies. Therefore, the two-year limitations period under Texas Civil Practice and Remedies Code Section 16.003 applies and Plaintiff's claims are **NOT** time-barred.

As to the merits of Plaintiff's causes of action, having considered all of the relevant factors, the Court finds that Defendant has carried its Federal Rule of Civil Procedure 56(c) burden in proving that no genuine issue of material fact exists on an essential element of Plaintiff Jennie Beatty's claims against Defendant St. Charles Gaming Company, Inc., d/b/a Isle of Capri Casino-Lake Charles ("SCGC").

16

Accordingly, it is hereby **ORDERED** that Defendant's Motion for Summary Judgment [#40] be **GRANTED** and that Plaintiff's claims be **DISMISSED** in their entirety.

SIGNED this _23rd_ day of _September_, 2002.

WENDELL C. RADFORD
UNITED STATES MAGISTRATE JUDGE

17